R.App. P. 34(a)(2).

Jose Luis Hernandez **VILLALOBOS**; **Maria Hernandez; Janeth Hernandez Ferreyra; Dulce Maria Hernandez Ferreyra, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71254.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Dec. 3, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Allan Ides, Esquire, Loyola Law School, Los Angeles, CA, Peter A. Schey, Esquire, Center for Human Rights & Constitutional Law, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, David E. Dauenheimer, Esquire, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM *

Jose Hernandez–Villalobos ("Villalobos") petitions for review of a Board of Immigration Appeals ("BIA") decision denying his application for cancellation of removal. Villalobos also petitions this court to review the denial of his application for adjustment of status under the Immigration Reform and Control Act of 1986 ("IRCA"), Pub.L. No. 99–603, 100 Stat. 3359.

■ The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision. Because we do not have jurisdiction to review discretionary determinations of extreme and unusual hardship, Villalobos's petition for review of the BIA decision denying his application for cancellation of removal is denied. 8 U.S.C. § 1252(a)(2)(B)(i); 8 · U.S.C. § 1229b(b)(1)(D).

In 1987, Villalobos presented a completed application for adjustment of status un-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der IRCA, along with the requisite filing fee, to Immigration and Naturalization Service ("INS") officials.[1] The official staffing the front desk of the INS office erroneously informed Villalobos that he was not eligible for adjustment of status, and refused to process the application.[2]

We only have jurisdiction to review final determinations of applications for adjustment of status under IRCA. 8 U.S.C. § 1255a(f)(1), (4). Villalobos argues that, because his application was improperly rejected before processing, the application was constructively denied, and that the INS effectively made a final, adverse determination on the application. We disagree.

■ The Supreme Court addressed this issue in *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 64, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993). *Reno* explicitly stated that "in the case of a front-desked application, the term 'determination' is best read to exclude front-desking." *Id.* (*citing McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 497, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)). "Although the phrase 'a determination regarding adjustment of status' could conceivably encompass a . . . refusal to accept the application for filing at the front desk . . ., nothing in

the statute suggests, let alone demonstrates, that Congress was using 'determination' in such an extended and informal sense." *Id.* Because there has been no "determination" on Villalobos's IRCA application, we do not have jurisdiction to review the IRCA claim.[3]

■ We do, however, have jurisdiction over Villalobos's final order of removal. 8 U.S.C. § 1252.[4] Because there has not yet been a determination of Villalobos's IRCA application, we order removal proceedings stayed until such time as a determination is made.

"[I]n the case of an alien who presents a prima facie application for adjustment of status under [IRCA] during the application period, and until a final determination on the application has been made . . ., the alien—(A) may not be deported, and (B) shall be granted authorization to engage in employment. . . ." 8 U.S.C. § 1255a(e)(2). The Supreme Court decision in *Reno* establishes that a front-desked applicant such as Villalobos has presented a prima facie application for adjustment of status. "[B]y definition, each [applicant] who was front-desked presented at an INS office to an INS employee an application that under the terms of [IRCA] . . . entitled him to an adjustment of status. Under any reasonable interpretation of the word, such an

1. On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice, and its functions were transferred to the newly formed Department of Homeland Security ("DHS"). *See* Homeland Security Act of 2002, Pub.L. No. 107–296, §§ 441, 471, 116 Stat. 2135, 2192, 2205 (codified at 6 U.S.C. § 101, *et seq.*).

2. This memorandum refers to this practice, which occurred with some frequency, by the common term "front desking."

3. 8 U.S.C. § 1255a(f)(4)(C), enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), does not conflict with the *Reno* Court's hold-

ing. As this court has held, § 1255a(f)(4)(C) was intended to distinguish front-desked applicants from those who had merely been discouraged from attempting to apply for IRCA relief. The statute did not expand the meaning of "final determination" to include front-desking, and therefore does not give us jurisdiction to consider Villalobos's IRCA claim. *Catholic Soc. Servs., Inc. v. Reno ("CSS V")*, 134 F.3d 921, 925 (9th Cir.1998) (per curiam).

4. The INS placed Villalobos in removal proceedings in 2002, well after the judicial review provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) took effect.

individual 'applied' for an adjustment of status within the 12–month period under § 1255a(a)(1)(A)." *Reno*, 509 U.S. at 67 n. 29, 113 S.Ct. 2485 (1993).[5]

Here, Villalobos submitted his application for adjustment of status in 1987 and was front-desked. The INS (now DHS) has not yet issued a determination on that application. Under 8 U.S.C. § 1255a(e)(2), Villalobos therefore cannot be removed from the United States. Villalobos's removal order must be stayed until he receives a final determination of his application from DHS.[6]

Accordingly, the petition for review of the BIA's order denying Villalobos's application for cancellation of removal is DENIED. The petition for review of the IRCA claim is also DENIED. Villalobos's order of removal is hereby STAYED.

**5.** The Court also noted that "there is no statutory deadline for processing IRCA applications." *Reno*, 509 U.S. at 67 n. 29, 113 S.Ct. 2485.

**6.** Of course, once Homeland Security does render a decision on Villalobos's IRCA application, this court will then have jurisdiction to review that final determination under 8 U.S.C. § 1255a(f).

